UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LINDSAY WETHINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00201-TWP-KMB |
| | ) |
| JAN DAVIS, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Lindsay Wethington ("Ms. Wethington") seeks a writ of habeas corpus under 28 U.S.C. § 2254. She challenges a prison disciplinary proceeding in which she was found guilty of the offense of unauthorized possession of property and was sanctioned with a 30-day loss of good time credits. (Dkt. 1-1 at 5.) She alleges that the discipline was imposed in violation of her due process rights. For the reasons explained below, Ms. Wethington's due process rights were not violated by the disciplinary hearing and her habeas petition is **denied**.

## I. LEGAL BACKGROUND

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support

the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. FACTUAL BACKGROUND

On September 18, 2023, Madison Correctional Facility staff member Valeska Neeb ("Ms. Neeb") wrote a Report of Conduct ("Conduct Report") charging Ms. Wethington with the offense of unauthorized possession of property, defined as "(u)nauthorized possession, destruction, alteration, damage to, removal, or theft of property." (Dkt. 8-9 at 5.)

The Conduct Report states:

> On Sept 18, 2023 at approximately 15:59 I called officer Christopher Mackison and asked him to check [incarcerated individuals] McAleer, Lyndee 142751 and Wethington, Lindsay 209105 for west library books. [Officer] Mackison sent me a list of books that he found. [Officer] Mackison located 'Shadow and Bone' and 'Siege and Storm', which were checked out to McAleer, Lyndee. He located 'Queen in Lingerie' and 'Fantasy in Lingerie' which were checked out to Wethington, Lindsay. He was given 5 additional books from Wethington: 'Desire in Lingerie', 'Sassy in Lingerie', 'Divine in Lingerie', 'Foxy in Lingerie', and 'Fine in Lingerie'. When I checked the system, 'Desire in Lingerie' and 'Foxy in Lingerie' were not checked out to anyone, while the other three were out to other [incarcerated individuals] from Blank South Lower. Due to Wethington having the five additional library books that were not checked out to her, she is being [written] up on a 215B, Unauthorized Possession of Property.

(Dkt. 1-1 at 8.)

Ms. Wethington was notified of the charge and pled not guilty. (Dkt. 8-3.) A Notice of Confiscated Property form was filled out listing the five books that were confiscated from Ms. Wethington that were not checked out to her, but Ms. Wethington refused to sign or accept the Notice. (Dkt. 8-2; *see* Dkt. 1-1 at 2-3.) A hearing was held on October 3, 2023. (Dkt. 8-4.) The Disciplinary Hearing Officer ("DHO") took into consideration the Conduct Report and the Notice of Confiscated Property, and heard statements from several inmates, Ms. Neeb, and Ms. Wethington, who stated:

> I am asking for the write up to be dismissed, the screening report shows the earliest date of hearing is 10/5/23. Another reason it needs dismissed is because I refused to sign the confiscation sheet and there was no staff person to sign as a witness for it to be dismissed. I wrote Ms. Simpson asking her to investigate this issue. Ms. Neeb says that Simpson is the one who wanted me written up and Ms. Simpson wrote me back stating that it was up to Ms. Neeb. This should not be a class B because McAleer told Neeb that she is the one who took the books. I was reading these books, the clerk in the library allowed us to read the book(s). We were unpacking and McAleer's bunkie had a fan, she asked me to hold on to them while she unpacked her things. I had the books for maybe 7 minutes and []then Mackison came in asking us for books.

(Dkt. 8-4 at 1.) The DHO found Ms. Wethington guilty, noting that "(t)he report of conduct written by Neeb states that Wethington had 5 additional library books that were not checked out to her, and was in possession of them, per [Officer] Mackison[']s witness statement." (Dkt. 8-4 at 1.) Ms. Wethington was sanctioned with a loss of 30 days' good time credit. *Id.*

Ms. Wethington appealed to both the Facility Head and the Indiana Department of Correction ("IDOC") Final Reviewing Authority, both of whom denied her appeals. (Dkt. 1-1 at 1-2.) Ms. Wethington then brought this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) She asserts several arguments, which the Court considers below.

### III. ANALYSIS

**A.     Violation of Prison Procedures**

Ms. Wethington argues that her due process rights were violated by the prison's failure to adhere its procedures because: (1) she refused to sign the Notice of Confiscation of Property and under the prison's procedures, when an inmate refuses to sign, the reason should be written on the form, signed by the person doing the confiscating and initialed by a witness, all of which was not

3

done in Ms. Wethington's case; and (2) she was not screened within seven days, despite the prison's procedures stating that screening should occur within seven days.  (Dkt. 1 at 5-8; Dkt. 1-1 at 2-4.)

The Respondent argues that Ms. Wethington is not entitled to habeas relief for alleged violations of prison procedures and policies.  (Dkt. 8 at 8-9.)

Ms. Wethington did not file a reply.

Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).  Therefore, claims based on violations of prison policy are not cognizable and do not form a basis for habeas relief.  *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "(i)nstead of addressing any potential constitutional defect, all of (the petitioner's) arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").  In other words, the Court is focused on the due process requirements established in *Hill*, 472 U.S. at 454, and *Wolff,* 418 U.S. at 563-67, which are not implicated by this argument.  Accordingly, Ms. Wethington is not entitled to habeas relief on this ground.

**B.    Impartial Decisionmaker and Denial of Evidence**

Ms. Wethington argues that she was denied "the right to present evidence (in) front of an impartial decisionmaker" when the DHO "made her decision without allowing (her) to present" how the prison procedures were not followed regarding the Notice of Confiscated Property.  (Dkt. 1 at 5-6; Dkt. 1-1 at 2-4.)

The Respondent argues that Ms. Wethington did not raise these arguments in her appeal to the Facility Head and raised them for the first time in her appeal to the IDOC Final Reviewing Authority. (Dkt. 8 at 9.) The Respondent also argues that Ms. Wethington's failure to raise these arguments in her first appeal bars her from presenting the arguments here since she "cannot establish cause and prejudice to overcome the default." (Dkt. 8 at 11.)

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for a writ of habeas corpus unless a showing of cause and prejudice or a miscarriage of justice has been made. *See* 28 U.S.C. § 2254(b)(1)(A); *Love v. Vanihel*, 73 F.4th 439, 446 (7th Cir. 2023) (state prisoners must exhaust their available state remedies before challenging a prison disciplinary conviction in federal court); *Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Indiana "has no judicial procedure for reviewing prison disciplinary hearings, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies, and presenting legal contentions to *each* administrative level." *Love*, 73 F.4th at 446 (quotations and citations omitted, emphasis added).

A petitioner seeking review of defaulted claims has two options. She can show "cause and prejudice for the default" or she can demonstrate that failure to consider the defaulted claims will result in a "miscarriage of justice." *Id.* "The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded compliance with the procedural rule." *Id.* (quotation and citation omitted). "This normally means petitioner must show that the factual or legal basis for a claim was not reasonably

available, or that some interference by officials made compliance impracticable." *Id.* (quotations, citations, and alteration omitted).

To show prejudice, "the prisoner must show not merely a substantial federal claim, such that the errors at trial created a possibility of prejudice, but rather that the constitutional violation worked to his actual and substantial disadvantage." *Id.* (quoting *Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022)). To demonstrate a fundamental miscarriage of justice, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" such that "it is more likely than not that no reasonable juror would have convicted (the petitioner) in the light of the new evidence." *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016).

The Respondent is correct that Ms. Wethington did not raise the arguments that she had a biased decisionmaker and was denied the right to present evidence in her first appeal to the Facility Head. (Dkt. 1-1 at 2.) Ms. Wethington did raise these two arguments in her second appeal to the IDOC Final Reviewing Authority, (*see* Dkt. 1-1 at 3-4), but the law is clear that compliance with "the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies, and presenting legal contentions to *each* administrative level." *Love*, 73 F.4th at 446 (quotations and citations omitted, emphasis added). Accordingly, the failure to present the arguments in her first appeal is a fatal problem that can only be overcome by a showing of cause and prejudice for the default, or a miscarriage of justice. *Id.* But here, Ms. Wethington did not assert an argument regarding cause and prejudice or a miscarriage of justice in her Petition for a Writ of Habeas Corpus and did not file a reply. She has therefore failed to show cause and prejudice or a miscarriage of justice. Accordingly, Ms. Wethington is not entitled to assert her arguments regarding a biased decisionmaker and denial of evidence here and is not entitled to habeas relief on these grounds. While the Court could deny Ms. Wethington's Petition for a Writ

of Habeas Corpus as to her claims that she was denied the right to present evidence and had a biased decisionmaker on procedural default grounds alone, it discusses the merits of her claims below in the interest of thoroughness.

### 1. Denial of Right to Present Evidence

Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in (her) defense when permitting (her) to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But even if the inmate timely requests evidence, due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones*, 637 F.3d at 847, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

Here, Ms. Wethington argues that she was denied the opportunity to present as evidence the prison's procedures, which would show that her rights were violated in connection with the unsigned Notice of Confiscated Property. This evidence is neither exculpatory nor material. As explained above, violation of prison procedures is not a ground for habeas relief and the fact that she did not sign the Notice of Confiscated Property does not contradict the finding of guilt or create a reasonable probability of a different result because: (1) Ms. Wethington admitted in her statement to the DHO that she "had the books" even for just a couple of minutes; and (2) the DHO's reason for decision did not rest on the unsigned Notice of Confiscated Property—it rested on the Conduct Report and Officer Mackison's witness statement that he "was able to retrieve . . . 5 extra books that were not listed from Individual Wethington." (Dkt. 8-4 at 1; Dkt. 8-5 at 6.) Because evidence

7

of the prison's procedures is not material or exculpatory, the denial of Ms. Wethington's request to present the procedures did not violate her due process rights and is not a ground for habeas relief.

### 2. Impartial Decisionmaker

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Ms. Wethington argues that the DHO was biased because she denied her the opportunity to present the prison procedures as evidence. Ms. Wethington has not overcome the strong presumption that the DHO presided over the disciplinary hearing impartially. There is no evidence or allegation that the DHO was involved in the search or confiscation by Officer Mackison or Ms. Neeb or the events leading up to Ms. Wethington's hearing, and the Court has already dispensed with Ms. Wethington's argument regarding the denial of the prison's procedures as evidence. In other words, the denial of the opportunity to present the prison procedures as evidence does not show that the DHO was biased when the evidence was not material or exculpatory and when a

violation of those procedures is not a ground for relief in any event. This ground does not provide a basis for relief.

## IV. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in Ms. Wethington's case, and there was no constitutional infirmity in the proceeding that entitles her to the relief she seeks. Accordingly, Ms. Wethington's Petition for a Writ of Habeas Corpus, Dkt. [1], is **DENIED**, and the action is **dismissed**.

Final judgment shall issue by separate order.

**SO ORDERED.**

Date: 10/21/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Lindsay Wethington, #209105
MADISON CORRECTIONAL UNIT
800 Bus Stop Dr.
Madison, Indiana 47250

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL'S OFFICE
natalie.weiss@atg.in.gov